UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DUSTIN MACLEOD,

        Plaintiff,                    Case No. 2:16-cv-240

v.                                       Honorable Paul L. Maloney

SCOTT PAVLICH,

        Defendant.
_____/

**OPINION**

This is a mandamus action brought by a state prisoner, ostensibly pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Dustin MacLeod is presently incarcerated with the Michigan Department of Corrections and housed at the Ojibway Correctional Facility (OCF). He sues Cheboygan County Circuit Judge Scott Pavlich.

In his complaint for mandamus,[1] Plaintiff contends that he was denied due process and fundamental fairness in his criminal trial before Defendant Pavlich. Plaintiff also asserts that the state court lacked jurisdiction to convict him, because he is a member of the Sault Ste. Marie Tribe of Chippewa Indians and a resident of trial lands and therefore is subject to the exclusive jurisdiction of the tribal courts.

For relief, Plaintiff seeks a declaration that his convictions are void due to a lack of personal and subject matter jurisdiction, together with release from imprisonment.

**Discussion**

I.    <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must

---

[1] Plaintiff has filed a motion to amend his complaint for mandamus. Because Plaintiff is entitled to amend his complaint without leave of court at this point in the proceedings, *see* Fed. R. Civ. P. 15(a)(1), the motion to amend will be denied as unnecessary.

-2-

determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

    To the extent that Plaintiff claims to have filed a mandamus action, he fails to state a claim. Title 28 U.S.C. § 1361 confers jurisdiction only over mandamus actions to compel action by federal, not state, officials or employees. Federal courts have no authority to issue writs of mandamus to direct state officials to conform their conduct to state law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984); *Haggard v. Tennessee*, 421 F.2d 1384 (6th Cir. 1970). Therefore, the Court may not maintain jurisdiction over Petitioner's action pursuant to 28 U.S.C. § 1361.

    Plaintiff's reliance on FED. R. CIV. P. 60(b)(3) and (4) as a source of remedy is also misplaced. Rule 60(b)(3) permits relief from a federal court judgment where an adverse party in the federal case has committed fraud or misconduct before the court. *See Klapprott v. United States*, 335 U.S. 601, 626 (1949); *Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238 (1944). Under Rule

60(b)(4), a party to a federal civil action may seek relief from a final judgment of the federal district court on the ground that it is void. Both provisions provide relief only from a federal court judgment. Plaintiff, however, does not challenge a civil judgment of the federal court. He challenges the validity of a criminal judgment of the state court.

"When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A Rule 60(b) motion for relief from judgment is not an appropriate vehicle for a state prisoner to attempt to have his criminal conviction set aside. *See United States v. Pope*, 124 F. App'x 680, 682 (2nd Cir. 2005). Although a Rule 60(b) motion may be used "to set aside a habeas denial" in certain limited circumstances, such a motion "does not itself seek habeas relief." *Id.* (quoting *Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004)). Plaintiff is not seeking to set aside a denial of habeas relief in this case and, therefore, a Rule 60(b) motion is not appropriate.

A review of Plaintiff's complaint shows that he is challenging the validity of his state court criminal conviction and that he seeks to have that conviction vacated or set aside. Plaintiff's sole federal remedy to challenge his state court conviction would be by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   November 16, 2016             /s/ Paul L. Maloney
                                       Paul L. Maloney
                                       United States District Judge